# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                      No. CR 07-388 JB

SYGENSTZ MOREAU,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on: (i) Defendant Sygenstz Moreau's Unopposed Motion to Continue August 13, 2007, Setting, filed August 6, 2007 (Doc. 71)("Motion"); and (ii) Moreau's Amendment to Motion to Continue August 13, 2007, Setting, filed August 7, 2007 (Doc. 72)("Amendment").  The Court held a hearing on this motion on August 10, 2007.  The primary issue is whether the Court should grant an opposed motion to continue the trial by one co-defendant over the other co-defendant's objection.  Because the Court finds that a continuance for Moreau serves the ends of justice, and because the Court concludes that proceeding forward to trial protects and advances the interests of Defendant Gregory Pierre, the Court will grant the motion to continue in part and deny it in part.

## PROCEDURAL BACKGROUND

Moreau and Pierre are charged with conspiring to possess with the intent to distribute more than 1,000 kilograms of marijuana, contrary to 21 U.S.C. § 846, and with possessing with the intent to distribute more than 1,000 kilograms of marijuana, contrary to 21 U.S.C. § 841(a)(1) and (b)(1)(A).  See Indictment at 1-2, filed February 28, 2007 (Doc. 15).  Mr. Richard Winterbottom was

reappointed to represent Moreau on June 4, 2007.  <u>See</u> Order, filed June 4, 2007 (Doc. 50)("June 4, 2007 Order").  Mr. Winterbottom asserts that he has reviewed the discovery and discussed possible defenses with Moreau.  <u>See</u> Motion at 1.  Mr. Winterbottom states that he will need to identify, locate, and contact out-of-state witnesses to bring to the trial.  <u>See</u> <u>id.</u>  Mr. Winterbottom states that he needs a continuance to accomplish this task.  <u>See</u> <u>id.</u>

Mr. Winterbottom also states that he has made arrangements, including securing pre-paid airline tickets, to travel to New England on August 15, 2007 to attend a family vacation.  <u>See</u> <u>id.</u> He notes that he is scheduled to return to New Mexico on August 23, 2007.  <u>See</u> <u>id.</u>

On August 6, 2007, Moreau filed what is labeled as his Unopposed Motion to Continue August 13, 2007, Setting.  <u>See</u> Motion.  In that motion, Mr. Winterbottom represented that he contacted Assistant United States Attorney Damon Martinez and that Mr. Martinez does not oppose the requested relief, provided it does not result in a severance of the Defendants.  <u>See</u> <u>id.</u> at 1-2.  Mr. Winterbottom submits that the United States requests that the Court set this matter on the criminal docket for either October or November 2007.  <u>See</u> <u>id.</u> at 2.  In the August 6, 2007 motion, Mr. Winterbottom also states that he contacted Pierre's attorney, Mr. Robert Gorence, and that Mr. Gorence does not oppose the requested continuance.  <u>See</u> <u>id.</u> at 2.

Moreau also requests, pursuant to 18 U.S.C. § 3161(h)(8)(A), that, if the Court grants his motion and continues the trial setting, all of the time from the date of the order granting the continuance to the commencement of the trial be excluded for purposes of the Speedy Trial Act. <u>See</u> <u>id.</u>

Moreau also submitted a form of order.  The form of order indicated that the United States and Pierre did not object to the form of order.  On Monday, August 6, 2007, the Court reviewed Moreau's motion and signed the proposed order.

On Tuesday, August 7, 2007, before the signed order could be filed and entered on the Court's electronic-docketing system, however, Mr. Martinez called the Court's Courtroom Deputy Clerk, K'Aun Sanchez, and asked whether the Court had signed the order. Ms. Sanchez said that the Court had signed the order, and on the basis of that representation, the United States released some of its witnesses for the trial the following week. The United States did not release all of its witnesses at that point, however, and some of its witnesses had yet to be subpoenaed. See Transcript of Hearing at 15:21-16:3 (Martinez)(taken August 10, 2007)("Transcript").[1]

Later on August 7, 2007, and still before the signed order had been entered on the docket, Mr. Gorence called Ms. Sanchez and told her that the motion was factually incorrect and that he opposed the motion. Ms. Sanchez did not file the signed order. Later that day, Moreau filed his Amendment to Motion to Continue August 13, 2007, Setting.

With his August 7, 2007 Amendment, Moreau states that his representation in his initial motion stating that Mr. Gorence did not oppose the requested continuance on behalf of Pierre was incorrect. See id. at 1. The Amendment notes that Mr. Gorence informed Mr. Winterbottom's office that he could not join the motion and that he had not spoken with Pierre concerning the proposed continuance. See id.

The United States' acquiescence in Moreau's August 6, 2007 motion was premised on the condition that a continuance for Moreau would not lead to a de facto severance of the Defendants' trial. See Motion at 1-2. Because Pierre has not joined Moreau's motion for a continuance, there remains the prospect that a continuance in Moreau's trial could work a severance of the Defendants. The condition precedent for the United States' concurrence in Moreau's continuance motion,

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any final transcript may contain slightly different page and/or line numbers.

therefore, has not necessarily been satisfied.  See Amendment at 1.  As Pierre has not joined the motion, Moreau assumes that the United States opposes the motion.  See id.  Accordingly, Moreau submits that the motion should be styled as an opposed, not unopposed, motion.  See id.

At the hearing, Mr. Winterbottom suggested that the Court place the trial on its September 2007 trailing docket.  See Transcript at 8:9-17 (Winterbottom).  In response, Mr. Gorence informed the Court that he had several prior commitments that would prevent him from trying the case in September 2007.  See id. at 9:20-10:24 (Gorence).  Mr. Martinez also told the Court that he had a scheduling conflict in September 2007.  See id. at 16:17-19 (Martinez).  The Court suggested that the trial be moved to a firm setting of August 20, 2007.  See id. at 3:16-4:3 (Court).  Mr. Gorence informed the Court, however, that he had a scheduling conflict that week.  See id. at 17:25-18:9; 27:25-28:4 (Gorence).  Mr. Gorence also stated his concern that, if the case was not tried beginning August 13, 2007, Pierre's interest in a speedy trial would be impacted because he might not be tried until December 2007.  See id. at 11:18-23.  Mr. Gorence further represented that, if the Court did not grant certain of his outstanding evidentiary motions, he would not be prepared for trial on August 13, 2007 and would himself move to continue the trial.   See id. at 18:10-19:18. Additionally, Mr. Winterbottom notified the Court that he did not oppose a severance.  See id. at 13:11-13 (Winterbottom).

## LAW REGARDING "ENDS-OF-JUSTICE" CONTINUANCES

The Speedy Trial Act, 18 U.S.C. § 3161, requires that a defendant be tried within seventy days from the filing date of the indictment or from the date on which the defendant appears before a judicial officer, whichever date is later.  See 18 U.S.C. § 3161(c)(1).  Certain periods of delay are excluded and do not count toward the seventy-day time limit.  See 18 U.S.C. § 3161(h)(1)-(9). More specifically, the Act excludes any period of delay "resulting from a continuance granted by any

judge if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial."  18 U.S.C. § 3161(h)(8)(A).   In determining whether an excludable "ends-of-justice" continuance should be granted, a district court should first consider the factors listed in § 3161(h)(8)(B), including "whether the failure to grant such a continuance in a case which, taken as a whole, is not so unusual or complex . . . would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." 18 U.S.C. 3161(h)(8)(B)(iv).

If, after considering the relevant factors, a district court decides to grant a continuance, it must set forth "in the record of the case, either orally or in writing, its reasons for finding that the ends of justice served by the granting of such a continuance outweigh the best interests of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(8)(A).  District courts' decisions to grant ends-of-justice continuances based on a weighing of the statutory factors are reviewed for an abuse of discretion.  See United States v. Theron, 782 F.2d 1510, 1513 (10th Cir.1986).  If a factual finding underpinning the decision is at issue, it is reviewed for clear erroneousness.  See id.  In granting an end-of-justice continuance, a district court must keep in mind that it is a "'rarely used tool' for those cases demanding more flexible treatment," United States v. Doran, 882 F.2d 1511, 1515 (10th Cir.1989), and that the record must clearly establish that the court considered the proper factors at the time the continuance was granted, see United States v. Gonzales, 137 F.3d 1431, 1433 (10th Cir.1998); United States v. Doran, 882 F.2d at 1516.

## ANALYSIS

While there is not a perfect solution to the situation, the Court finds that a continuance for Moreau serves the ends of justice here.  Moreau and his new counsel are not ready for trial.  It is not

in his interest to proceed to trial in the next two weeks.  Mr. Winterbottom was reappointed Moreau's attorney on June 4, 2007.  See June 4, 2007 Order.  After reviewing discovery and discussing possible defenses with Moreau, Mr. Winterbottom has determined that he cannot competently identify, locate, and contact out-of-state witnesses to bring to trial by August 13, 2007. See Motion at 1.  At the hearing, Mr. Winterbottom represented that there was nothing in the case file that he was given when Moreau's case was transferred to him from private, retained counsel. See Transcript at 5:23-24 (Winterbottom).  Mr. Winterbottom submitted that it did not appear that Moreau's previous counsel interviewed him in a substantive fashion, that any investigation had been done, or that any legal research had been begun.  See id. at 5:24-6:4.

The Court believes that Moreau's request for a continuance is reasonable.  Given the nature of the offenses charged, it is conceivable that Moreau could end up interviewing and calling at trial multiple witnesses from various states across the country.  The Court believes that it is in Moreau's interest and the interest of justice to allow Mr. Winterbottom adequate time -- a period of time greater than the approximately two months to which he has been limited thus far -- to prepare for that potentiality and Moreau's defense generally.  Counsel should have an opportunity to prepare to represent his client competently and zealously at trial, especially in a case where, as here, a defendant faces incarceration for a significant period.  Additionally, the Court notes that Mr. Winterbottom has made arrangements, for which he has already paid, to attend a family vacation with his eighty-six year old father.  Because the Court concludes that failure to grant a continuance would unreasonably deny Moreau continuity of counsel and would deny Mr. Winterbottom reasonable time necessary to effective preparation, the Court will grant, in part, Moreau's request for a continuance pursuant to 18 U.S.C. § 3161(h)(8)(A).

While the Court believes that granting Moreau a continuance serves the ends of justice, it

also recognizes Pierre's right to a speedy trial and is cognizant of the benefits of trying co-defendants jointly.  Pierre is ready for trial, and the United States indicates that it believes it can have most, if not all, of its witnesses available for trial.  The United States, of course, opposes severance, because it prefers to try the two Defendants together.  Also, the Court attempted -- unsuccessfully -- to offer dates for a firm setting that accommodated everyone's schedule. Acknowledging the competing interests, the Court will not continue the trial in its entirety, but will instead grant Moreau a continuance and proceed to trial with Pierre as scheduled.  Effectively, this procedure may result in severing the prosecutions of Moreau and Pierre.  The Court has considered that possibility and believes that such severance best accommodates the competing interests.  If, however, the United States and Pierre decide, over the weekend, that they cannot proceed to trial on August 13, 2007, the Court will continue the trial in its entirety, without severing the prosecutions of the parties.

**IT IS ORDERED** that Moreau's request for a continuance is granted in part and denied in part.  The Court will continue the August 13, 2007 jury trial for Moreau.  The Court will continue Moreau's trial until its next docket.  The Court will not, at this time, continue the August 13, 2007 jury trial for Pierre.

_____
UNITED STATES DISTRICT JUDGE

*Counsel*:

Larry Gomez
   Acting United States Attorney
Damon P. Martinez
   Assistant United States Attorney
Albuquerque, New Mexico

       *Attorneys for the Plaintiff*

Richard A. Winterbottom
  Federal Public Defender
Albuquerque, New Mexico

*Attorney for Defendant Sygenstz Moreau*

Robert J. Gorence
Louren M. Oliveros
Gorence & Oliveros, P.C.
Albuquerque, New Mexico

*Attorney for Defendant Gregory Pierre*