**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                       No. CR 07-0388  JB

SYGENSTZ MOREAU,

       Defendant.

## <u>MEMORANDUM OPINION AND ORDER</u>
(Public Version)

**THIS MATTER** comes before the Court on the United States' Motion in Limine to Prohibit Defendant from Offering Evidence Pursuant to Fed. R. Evid. 404(b), filed November 18, 2007 (Doc. 131 (Ex Parte))("Motion").  The Court held a hearing on the motion on January 8, 2008.  The primary issue is whether the Court should preclude evidence that a potential third-party witness committed acts, and was convicted, of drug distribution.  Because the Court concludes that Defendant Sygenstz Moreau has stated a permissible purpose under rule 404(b) of the Federal Rules of Evidence for the evidence, that the evidence is relevant, and that the evidence is more probative than prejudicial, the Court will deny the United States' motion.

## <u>FACTUAL BACKGROUND</u>

Moreau wishes to introduce evidence of three incidents of the witness' involvement in the distribution of drugs.  <u>See</u> Notice of Intent to Offer Evidence Pursuant to Fed.R.Evid. 404(b), filed November 1, 2007 (Doc. 116 (Ex Parte))("Notice").  The United States opposes such introduction under a number of theories.  <u>See</u> Motion.  The Court therefore needs to look with some care at the facts and evidence surrounding the incidents.

1.      **August 1985 Incident.**

The first incident involves the arrest of the witness and another individual in August of 1985. See Notice ¶ 1, at 1.  In that incident, law enforcement officers placed a hotel room, in which the witness and the other individual resided, under surveillance.  See id.  Both individuals were subsequently arrested.  See id.  A contemporaneous search of their vehicle revealed that it contained approximately twenty-five to thirty pounds of marijuana.  See id.

2.      **1987 Conviction.**

The second incident involves a 1987 conviction in the United States District Court for the District of Arizona for conspiracy to distribute cocaine, for conspiracy to distribute marijuana, and for the filing of false tax returns.  See Defendant's Sealed Response to Government's Motion In Limine to Prohibit Defendant From Offering Evidence Pursuant to Fed.R.Evid. 404(b) at 1, filed December 11, 2007 (Doc. 134 (Ex Parte))("Response").  The witness received an eight-year sentence in the Federal Bureau of Prisons and was released on March 7, 1991.  See id.  This case involved the continued distribution of cocaine and marijuana over a period between 1979 and 1985. See id.  As part of the witness' plea agreement, the United States agreed to forgo racketeering and continuing criminal enterprise charges against the witness.  See id. at 2; id. Exhibit B.

3.      **March 1993 Incident**.

The third incident is a charge of marijuana possession for sale in Guadalupe, Arizona.  See Discovery Motion ¶ g, at 5.  It involves an Arizona law-enforcement traffic stop of the witness on I-10 between Tucson and Phoenix in March 1993.  See Response at 2.  During the stop, the witness told the investigating officer that the witness was the manager for Tempe Sales, the same warehouse that the witness now owns and at which Moreau and co-Defendant Gregory Pierre obtained fabric that covered the drugs in the current case.  See id.  The witness asserted that the witness was

traveling from Tucson, where the witness had been "selling stereos."  Id.  Investigating officers became suspicious, and a search of the trunk of the witness' car revealed that the witness was in possession of twenty-eight pounds of marijuana hidden in the witness' vehicle.  See id., Exhibit C, Arizona Department of Public Safety report at 6.

4.    **The 2007 Incident Involving Moreau.**

The United States' case-in-chief in this case will consist of evidence that Moreau and Pierre were stopped on February 11, 2007, at the Port of Entry outside of Gallup, New Mexico, while operating a tractor-trailer rig.  See Complaint, filed February 12, 2007 (Doc. 1)("Complaint").  The subsequent search of the trailer revealed approximately 2700 pounds of marijuana separated into approximately fifty discrete bundles.   At the rear of the trailer were a number of pallets of cloth fabric.  See Discovery Motion ¶ 2, at 2.

These pallets obscured the marijuana that was located between the pallets and the front of the trailer.  See id.  Subsequent investigation revealed that, earlier that day, the Defendants visited the witness' warehouse in Tempe, Arizona.  See Discovery Motion at 2, id. ¶ 4, at 2-3.  The witness operated an import business, Tempe Sales, from that location.  See Discovery Motion at 2.  The witness  was interviewed and informed the interviewing agents that Moreau and Pierre arrived at the warehouse on the morning of February 11, 2007, having previously agreed to buy a quantity of old, cheap, and virtuously useless fabric.  See Response at 3.

The witness told agents that the witness arrived at the warehouse after the Defendants began loading the fabric.  See Response at 3.  The witness stated that the Defendants loaded the fabric themselves and that the witness, therefore, never observed the inside of the trailer.  See id.

At trial, the United States may attempt to establish that the Defendants stopped at the Tempe Sales warehouse, where they loaded the pallets of fabric.  See Discovery Motion ¶ 4, at 2-3.  When

the Defendants were arrested at the Gallup Port of Entry, this same fabric was found at the rear of the trailer concealing approximately fifty bound bundles of marijuana. See Notice ¶ 1, at 1. The United States may posit that the loading of the fabric establishes the Defendants' knowledge of the marijuana, because the fabric was used to obscure the contraband. See id.

## PROCEDURAL BACKGROUND

In Count I of the Indictment, the United States alleges that Moreau and Pierre conspired "[w]ith other persons whose names are known and unknown . . . to the grand jury . . . to commit . . . possess[ion] with the intent to distribute more than 1,000 kilograms of marijuana." Indictment, filed February 28, 2007 (Doc. 15)(Court Only)("Indictment"). Since the unveiling of the witness' prior drug distribution activities, the United States has withdrawn the witness as a witness. See Sealed Order at 2, filed January 4, 2008 (Doc. 146).

On November 1, 2007, Moreau filed a Notice of Intent to Offer Evidence Pursuant to Fed. R. Evid. 404(b). See Notice. Moreau provided the United States with notice of his intention to introduce three separate activities of the witness, each of which involves the distribution or possession of marijuana. See Notice ¶¶ 1-4, at 1-2. Moreau's Notice of Intent provides notice to the United States, and concerns the following criminal history regarding co-Defendant Gregory Pierre and the witness that he intends to introduce and of what the evidence will consist:

1.    Evidence of the April 29, 1999, stop on Interstate 44 in St. Claire, Missouri of co-Defendant Gregory Pierre by Missouri State Trooper Moore and Missouri State Trooper Bartel. During the course of the stop, 43 boxes of marijuana were seized from a 1997 Kenworth tractor trailer with Florida registration. Pierre was driving the tractor trailer. Moreau stated that details of the stop are in the United States' possession pursuant to discovery. See Bates 148-80.

2.    The August 20, 1985 incident and arrest of [the witness] involving [the witness] and Donald Metnzer in which the witness was arrested outside of a hotel room which was placed under surveillance. The car, owned by the

[witness'] companion, Mr. Metnzer, contained 25-30 pounds of marijuana.

3.      1985 conviction in the United States District Court for the District of Arizona for conspiracy to distribute cocaine, marijuana, and false tax returns, together with the facts surrounding that conviction.

4.      The March 1993 arrest of [the witness] for possession of marijuana and the facts surrounding that arrest.

Notice ¶¶ 1-4, at 1-2.

At the time Moreau filed his notice, Moreau's counsel was seeking more information on all three incidents involving the witness.  See Defendant's Motion for Discovery, filed November 1, 2007 (Doc. 117).  Moreau's counsel was also expecting a packet of material from the United States District Court for the District of Arizona.  See Response at 2.  Moreau's counsel represents that, upon receipt of such information, he may be better able to provide the details of the witness' 1987 federal conviction.  See id.

The witness has provided a statement concerning the witness' involvement in the current matter.  See Response at 3.  The United States represents that the witness' statement is not incriminating.  See Motion at 4 n.2.

The United States moves in limine for an order prohibiting Moreau from offering evidence pursuant to rule 404(b) of the Federal Rules of Evidence.  See Motion.  Specifically, the United States requests that the Court to prohibit Moreau from introducing the witness' criminal history as stated in paragraphs 2, 3, and 4 of his Notice filed November 1, 2007.  See Motion at 5; Notice at 5.

At the time that Moreau filed his response, he had been afforded limited discovery.  See Response at 5.  Nevertheless, in his response, he proffers evidence of prior crimes and acts by the witness.  See Response at 1-2.  Moreau contends that the term "reverse 404(b)" evidence is

"misleading" because rule 404(b) is inapplicable when evidence of prior acts is offered by the defendant.  Response at 6.  Moreau notes that, while the United States Court of Appeals for the Tenth Circuit "may not have explicitly held that rule 404(b) is not applicable to evidence of acts of third parties, it strongly implied as much in United States v. Montelongo[, 420 F.3d 1169 (10th Cir. 2005)]."  Response at 8.  Moreau argues that the evidence of prior crimes and acts by the witness are similar to the crime with which he is charged.  See id. at 11.  By the time of the January 8, 2008 hearing, Moreau had received additional materials from the United States.

The Court held a hearing on January 3, 2008.  Moreau indicated that he did not yet have the documents he requested in his motion for discovery.  See Transcript of Hearing (taken January 3, 2008)("January 3d Tr.") at 3:2-11 (Court & Winterbottom).[1]  Moreau indicated that, after he received the information he requested from the United States, he would file a proffer with the Court. See id. at 9:6-14 (Court & Winterbottom).  The United States indicated that it was in the process of redacting material and would try to have the material to Moreau by late in the afternoon on January 3, 2008.  See id. at 9:23-25 (Martinez).

At the January 8, 2008 hearing, the United States initially contended that introduction of the evidence was impermissible under rule 609 of the Federal Rules of Evidence.  See Transcript of Hearing at 6:5-6  (taken January 8, 2008)("Tr.")(Martinez).  Moreau explained that he did not intend to offer the evidence to attack the witness' character for truthfulness -- at least initially.  See id. at 6:10-13 (Court & Winterbottom).  Moreau represented that he intended to offer the evidence as substantive, relevant evidence for his defense.  See id. at 6:15-16 (Winterbottom).  The United States conceded that, if 404(b) evidence is admitted for a permissible purpose, even if it tends to show that

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version.  Any final transcript may contain slightly different page and/or line numbers.

somebody may have the propensity to commit the same conduct at issue as he or she did in the past, then it is admissible with a limiting instruction. See id. at 9:12-25 (Court & Martinez). The United States agreed that the Tenth Circuit had not explicitly held rule 404(b) inapplicable to evidence of acts of third parties, but it implied it might in Montelango. See Tr. at 12:9-14 (Court & Martinez). The United States conceded that the stated purpose of offering 404(b) evidence does not change with temporal proximity between the conduct at issue in the trial and the 404(b) conduct. See id. at 23:6-23 (Court & Martinez). The United States contended that Moreau cannot offer the evidence because, under Tenth Circuit Criminal Pattern Jury Instruction Number 1.19, "[t]he fact that another person also may be guilty is no defense to a criminal charge." Tr. at 28:11-12 (Martinez)(quoting Tenth Circuit Criminal Pattern Jury Instruction Number 1.19). The United States also contended that the evidence is irrelevant because it occurred twenty-two years ago. See Tr. at 29:12-16 (Martinez).

Moreau contended that the evidence was admissible to show opportunity, plan, preparation, and knowledge. See id. at 42:9-25 (Winterbottom). Moreau contended that the evidence is relevant to demonstrate that the witness had opportunity to distribute marijuana. See id. at 42:16-24 (Court & Winterbottom). Moreau contended that the evidence is relevant to demonstrate that the witness had the knowledge to operate a "sophisticated" marijuana operation. Id. at 43:3-20 (Winterbottom). Moreau argued that the evidence is relevant to demonstrate ability and intent. See id. at 43:20-22 (Winterbottom). Moreau contended that, under Montelango, the 404(b) evidence does not need to be "mutually exclusive of any other theory . . . other than the defendant's innocence . . . it [does] not necessarily have to show the defendant's innocence but it only has to show that the [United States'] theory of prosecution is flawed, and then it becomes relevant." Tr. at 44:21-45:2 (Winterbottom). Moreau argued that the evidence demonstrates that the charged conspiracy was capable of

proceeding successfully without his knowledge.  See id. at 45:3-6 (Winterbottom).  Moreau

conceded that under Montelango there is not a lower standard for 404(b), but rather there is a lower

standard of similarity.  See id. at 49: 15-18 (Court & Winterbottom).  Moreau contended that

temporal proximity is relevant to admissibility, but that it is overwhelmed by the similarity between

the conduct at issue and the contested evidence.  See id. at 67:2-8 (Winterbottom).  Moreau

acknowledged that the language in Montelango may not allow the Court to follow the rationale of

Stevens, 935 F.2d 1380 (3d Cir. 1991):

> COURT:              You take that language with the fact that in
>                     Montelongo that they're using the 404(b) analysis
>                     here seems to me to suggest that I don't have the
>                     freedom as a district judge to simply go the way
>                     Stevens might take us.
>
> MR. WINTERBOTTOM:   And I believe the Court could admit the evidence
>                     under more conservative rationale as I've suggested.
>                     I mean, the [intent] or certainly motive, opportunity
>                     and then what I focus on is . . . preparation, plan and
>                     knowledge.

Tr. at 50:18-51:1 (Court & Winterbottom).

## LAW REGARDING APPLICATION OF RULE 404(b)

"'Relevant evidence' means evidence having any tendency to make the existence of any fact

that is of consequence to the determination of the action more probable or less probable than it

would be without the evidence." Fed. R. Evid. 401.  "Although relevant, evidence may be excluded

if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the

issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless

presentation of cumulative evidence." Fed. R. Evid. 403.  Rule 404(b) of the Federal Rules of

Evidence provides:

(b) Other Crimes, Wrongs, or Acts. -- Evidence of other crimes, wrongs, or acts is

> not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).

Rule 404(b) states that evidence of other crimes or wrongs may not be introduced against a person to show that, upon a later occasion, he or she acted in conformity with that prior behavior except to prove a number of enumerated issues.  A party introducing 404(b) evidence must show that: (i) the evidence is introduced for a proper purpose; (ii) the evidence is relevant; (iii) the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered.  See United States v. Hardwell, 80 F.3d 1471, 1488 (10th Cir. 1996)(citing Huddleston v. United States, 485 U.S. 681, 691-92 (1988)).

Rule 404(b)'s prohibition finds its source in the common-law protection of the criminal defendant from risking conviction on the basis of evidence of his character.  See White & L. Graham, Federal Practice and Procedure: Evidence § 5239 (2007); United States v. Dudek, 560 F.2d 1288, 1295-96 (6th Cir. 1977).  In United States v. Phillips, 599 F.2d 134 (6th Cir. 1979), the United States Court of Appeals for the Sixth Circuit noted, in addressing rule 404(b)'s precepts, that the rule addresses two main policy concerns:

> [i] That the jury may convict a "bad man" who deserves to be punished not because he is guilty of the crime charged but because of his prior or subsequent misdeeds; and [ii] That the jury will infer that because the accused committed other crimes he probably committed the crime charged.

599 F.2d at 136.

Accordingly, some courts have found that the standards for admission of evidence to show conduct in conformity with prior conduct relaxed when the defendant attempts to offer the rule 404(b) evidence.  The United States Court of Appeals for the Second Circuit in <u>United States v. Aboumoussallem</u>, 726 F.2d 906 (2d Cir. 1984), undertook an early analysis of the admissibility of prior crimes evidence that the defendant proffers.  The Second Circuit noted:

> [W]e believe the standard of admissibility when a criminal defendant offers similar acts evidence as a shield need not be as restrictive as when the prosecution uses such evidence as a sword.  The prosecution in the Anglo-American tradition, may not ordinarily offer evidence of a defendant's prior wrongdoing for the purpose of persuading the jury that the defendant has a propensity for crime and is therefore likely to have committed the offense for which he stands trial.  As Dean Wigmore points out, the evidence "is objectionable not because it has no appreciable value but because it has too much."  Presumably, the "too much" argument means that a guilty person, and, of far more serious concern, an innocent person, may be convinced primarily because of the jury's willingness to assume his present guilty from his prior misdeed.  Wigmore also identifies objections based on the risk that the jury will convict because the defendant may not have been punished for his prior offenses and the injustice of requiring the defendant to defend against a series of accusations. . . . However, the risks of prejudice are normally absent when the defendant offers similar acts evidence of a third party to prove some fact pertinent to the defense.  In such cases the only issue arising under Rule 404(b) is whether the evidence is relevant to the existence or non-existence of some fact pertinent to the defense.

726 F.2d at 911-12 (citations and footnotes omitted).

Similarly, the United States Court of Appeals for the Fifth Circuit in <u>United States v. Krezdorn</u>, 639 F.2d 1327 (5th Cir. 1981), <u>cert. denied</u>, 465 U.S. 1066 (1981), noted that

> [t]he extrinsic acts rule is based on the theory that the jury will use evidence that the defendant has, at other times, committed bad acts to convict him of the charged offense.  Consequently, the only purpose served by extrinsic offense evidence is to demonstrate the propensity of the defendant to act in a certain way, the evidence must be excluded.  When, however, the extrinsic offense was not committed by the defendant, the evidence will not tend to show that the defendant has a criminal disposition and that he can be expected to act in conformity therewith.  When the evidence will not impugn the defendant's character, the policies underlining 404(b) are inapplicable.

639 F.2d at 1332-33 (internal citations and quotations omitted).  In addition to the Second and Fifth

Circuits, the United States Courts of Appeals for the First, Third, Seventh, and Eleventh Circuits have determined that rule 404(b) is inapplicable to admissibility of evidence of acts of third parties. See United States v. Reed, 259 F.3d 631, 634 (7th Cir. 2001)("In deciding whether to admit such evidence, a district court should balance the evidence's probative value under Rule 401 against considerations such as prejudice, undue waste of time and confusion of the issues under Rule 403."); United States v. Morano, 697 F.2d 923, 926 (11th Cir. 1993)("But although Rule 404(b) does not control this situation, the exceptions listed in the Rule should be considered in weighing the balance between the relevancy of this evidence and its prejudice under Rule 403."); United States v. Steven, 935 F.2d 1380, 1401-1406 (3d Cir. 1991)("a defendant may introduce "reverse 404(b)" evidence so long as its probative value under Rule 401 is not substantially outweighed by Rule 403 considerations."); United States v. Gonzales-Sanchez, 825 F.2d 572, 582 n.25 (1st Cir. 1987)("Inasmuch as this evidence does not concern past criminal activity of [the defendant], Rule 404(b) is inapplicable."), cert. denied, 484 U.S. 989 (1987).  In United States v. Stevens, the Third Circuit also held that a lowered standard of similarity between the crime before the federal court and the "other crimes evidence" governed "reverse 404(b)" evidence because prejudice to the defendant is not a factor.  935 F.2d at 1403.

　　The United States Court of Appeals for the Tenth Circuit has held that rule 404(b)'s prohibition applies to a defendant who wishes to introduce evidence of wrongdoing by another to establish his innocence.  See United States v. Puckett, 692 F.2d 663, 671 (10th Cir. 1982), cert. denied, 459 U.S. 1091 (1982).  In United States v. Puckett, the co-defendant, Mauzy, sought to introduce evidence that he had been "conned" by his co-Defendant, Puckett, in transactions unrelated and dissimilar to the crimes charged in the indictment.  692 F.2d at 670.  The trial court did not allow Mauzy to present the evidence.  See id. at 670.  "The trial court did not permit Mauzy,

however, to call certain witnesses who would testify that they too had been 'conned' by Puckett in transactions unrelated and dissimilar to the crimes charged in the indictment." 692 F.2d at 670.

Mauzy contended on appeal in United States v. Puckett that "the refusal to admit this evidence violate[d] his due process right to present a defense." Id. at 670-71. The Tenth Circuit affirmed. See id. at 671. The Tenth Circuit noted that the 404(b) evidence offered by Mauzy pertained to activities by Puckett that were "unrelated and dissimilar to the charges alleged in the indictment." United States v. Puckett, 692 F.2d at 670. Mauzy argued that rule 404(b) did not govern the admissibility of the evidence because he contended that it did not apply "to situations in which a defendant wishes to introduce evidence of wrongdoing by another person in order to establish his own innocence." Id. at 671. The Tenth Circuit indicated that it was "not inclined to interpret [rule 404(b)] so narrowly." Id. The Tenth Circuit explained that its review of the "Advisory Committee Notes on the Proposed Rules [of Evidence] indicate[d] that the members of the committee were concerned not only with the prejudicial impact to a defendant in admission of extrinsic acts as evidence, but also with its limited probative value." Id. The Tenth Circuit held that the trial court properly rejected the evidence as irrelevant, "[p]articularly . . . [where] the evidence offered by Mauzy pertained to activities by [his co-conspirator that were] unrelated and dissimilar to the charges alleged in the indictment." Id. at 671.

Since United States v. Puckett, the Tenth Circuit has considered the admissibility of prior acts proffered by the defendant, often referred to as "reverse 404(b)" evidence. In United States v. Montelongo, 420 F.3d 1169 (10th Cir. 2005), police found ninety-three kilograms of marijuana in the sleeping compartment of the semi-truck that the defendants were driving. See id. at 1171. The owner of the truck testified for the United States, and stated that he "had inspected the truck just before [the defendants] picked it up and had found no marijuana in it." Id. at 1172. The defendants

then made a "reverse 404(b)" argument.  420 F.3d at 1174.

 The relevant issue in United States v. Montelongo was whether the defendants could cross examine the owner of the truck that the defendants were driving about a prior incident which occurred "a few months" earlier.  420 F.3d at 1171.  The defendants sought to introduce evidence of a prior incident which occurred a few months before their arrest and which involved marijuana that was found in the sleeping compartment in a different semi-truck that the truck owner possessed.  See id. at 1176.  The Tenth Circuit reversed the trial court's refusal to allow cross examination by the defendants regarding "the fact that thirty-four pounds of marijuana were found in duffle bags in the sleeping compartment of a truck owned by [the government witness] just a few months prior to the Defendants' arrests for nearly identical conduct" to defend against a conspiracy to distribute more than fifty grams of marijuana.  Id. at 1176.

 The Tenth Circuit began its analysis in United States v. Montelongo by noting that rule 404(b)

> is typically used by prosecutors seeking to rely on a criminal defendant's prior bad act as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident in the crime charged.  The Rule is not so limited in its application, however, and evidence of a witness' other wrongs, acts, or crimes is admissible "for defensive purposes if it tends, alone, or with other evidence, to negate the defendant's guilt of the crime charged against him."

Id. at 1174.  The Tenth Circuit also noted that "[o]ther circuit courts addressing the issue hold that admissibility of reverse 404(b) evidence depends on a 'straightforward balancing of the evidence's probative value against considerations such as undue waste of time and confusion of the issues.'"  Id. (quoting United States v. Stevens, 935 F.2d at 1404-1405).  The Tenth Circuit held that the evidence of the marijuana previously found in another truck owned by the truck owner was relevant to the defendants' defense that they had no knowledge of the marijuana packed in the truck they

were driving.  See United States v. Montelongo, 420 F.3d at 1174.   The Tenth Circuit noted that, "[i]n this way, the previous case is relevant as it tends to make it less probable that the defendants knowingly possessed the marijuana or that they knowingly and voluntarily involved themselves in a drug conspiracy."  Id. at 1173.  The Tenth Circuit in United States v. Montelango looked at the similarities between the charged matter and the previous incident.  See id. at 1174-75. The Tenth Circuit noted that there were several similarities between the two crimes and that the jury could believe that the owner had packed the marijuana in the semi-truck.  See id.

Specifically, the Tenth Circuit in United States v. Montelongo noted "the similarities between the two crimes and their temporal proximity . . . makes th[e] evidence probative."  Id. at 1174.  The Tenth Circuit based its opinion on common facts with the prior incident, such as: (i) both trucks were owned by the same person; (ii) the marijuana was packed in duffle bags; and (iii) the marijuana was hidden in the sleeping compartment of the cabin of both tractors.  See id. at 1172. The Tenth Circuit noted that "'a lower standard of similarity [between the crime at issue and 'other crimes' evidence] should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor."  United States v. Montelongo, 420 F.3d at 1174-75 (quoting United States v. Stevens, 935 F.2d at 1404).

Lastly, the Tenth Circuit noted that the relevance of the proffered evidence was "not substantially outweighed by the risk of confusing the jury or the potential waste of time."  United States v. Montelongo, 420 F.3d at 1175.  It noted that there was no danger of the jurors being distracted from the real issues in the case because of the similarities between the charged crime and the previous incident.  See id.  "To the contrary, [the 404(b) evidence] would have highlighted the central issue at trial -- namely, which man was responsible for the contraband."  Id.  The Tenth Circuit focused on the question of the evidence's admissibility in the context of the protections

-14-

afforded by the Sixth Amendment's Confrontation Clause and cross-examination, and found that the "District Court erred in preventing the defendants from cross-examining [the truck owner] based on Rule 404(b)."  United States v. Montelongo, 420 F.3d at 1175.

In Agushi v. Duerr, 196 F.3d 754 (7th Cir. 1999), the United States Court of Appeals for the Seventh Circuit decided, as a matter of first impression, that rule 404(b) applied to acts of third parties.  See 196 F.3d at 760.  The Seventh Circuit began its analysis by noting that "[r]ule 404(b) speaks not of the parties to a case but of a 'person.'"  Id. (quoting Fed. R. Evid. 404(b)).  The Seventh Circuit noted that "[e]vidence regarding other crimes is admissible for defensive purposes if it 'tends, alone or with other evidence, to negate [the defendant's] guilt of the crime charged against him.'"  Id. (quoting United States v. Stevens, 935 F.2d at 1404)).  The Seventh Circuit explained that, although Huddleston v. United States, 485 U.S. 681 (1988) "involved a situation in which the defendant was the actor, the Court strongly suggested that Rule 404(b) should be applied to any actor."  Agushi v. Duerr, 196 F.3d at 760 (relying on Huddleston v. United States, 485 U.S. at 685-86 ("Extrinsic acts evidence may be critical to the establishment of the truth as to a disputed issue, especially when that issue involves the actor's state of mind and the only means of ascertaining that mental state is by drawing inferences from conduct.")(emphasis in the original).  The Seventh Circuit concluded that, "[b]ased on the Supreme Court's guidance, our sister circuit's reasoning . . . as well as the very language contained in Rule 404(b), we hold that Rule 404(b) does apply to third parties."  Agushi v. Duerr, 196 F.3d at 760.

In 2005, the Seventh Circuit, however, disagreed with a district court's evidentiary ruling that held the defense to as rigorous a 404(b) standard as the United States.  See United States v. Seals, 419 F.3d 600, 607 (7th Cir. 2005)("Contrary to the district court's statement, the defense is not held to as rigorous of a standard as the government in introducing reverse 404(b) evidence.")(citing

Agushi v. Duerr, 196 F.3d at 760).  The Seventh Circuit affirmed, however, the district court's decision to exclude the proferred evidence because it was irrelevant and inadmissible.  See United States v. Seals, 419 F.3d at 607.  It noted that the similarities between the charged conduct and the previous incident were generic, because the underlying facts were dissimilar.  See id.  The Seventh Circuit explained that, although "the legal standard for admitting reverse 404(b) evidence is relatively lenient, the evidence still must be relevant."  419 F.3d at 607.

In United States v. McCourt, 925 F.2d 1229 (9th Cir. 1991), the United States Court of Appeals for the Ninth Circuit recognized that rule 404(b) makes no distinction between defendants and third parties in excluding prior-acts evidence to show criminal propensity or as a basis for suggesting the inference that certain conduct was in conformity with it.  See 925 F.2d at 1232 ("Because Rule 404(b) plainly proscribes other crimes evidence of 'a person,' it cannot reasonably be construed as extending only to 'an accused.'")(quoting Fed. R. Evid. 404(b)).  There is, however, no exception in rule 404(a) that would permit the use of evidence to show a third person's character for the inference that this person acted in conformity with his character and committed the crime with which defendant is charged.  See id. at 1231-32 n. 2 (citing 2 Weinstein & Berger, Evidence ¶ 404[04], at 404-39-40 (1989)).

In United States v. Stevens, the defendant sought to introduce testimony by a victim of a crime different from the one with which the defendant was charged where the victim "was the victim of a crime which was so similar to the instant crime that the investigating officers believed that the same individual had committed both" and the victim "would have testified that he, unlike the [other] victims . . . did not identify [the defendant] as his assailant."  935 F.2d at 1383.  "The critical question [wa]s, of course, one of degree of similarity."  Id. at 1401.  The United States Court of Appeals for the Third Circuit held that the "district court imposed too stringent a standard of

similarity on [the defendant]." Id. at 1404.  The Third Circuit held that "a lower standard of similarity should govern 'reverse 404(b)' evidence because prejudice to the defendant is not a factor." Id. The Third Circuit then stated that "a defendant may introduce 'reverse 404(b)' evidence so long as its probative value under Rule 401 is not substantially outweighed by Rule 403 considerations." Id. at 1405.  The Third Circuit rejected the United States' contention that a defendant may offer rule 404(b) evidence only under "hard and fast preconditions" and stated:

> More specifically, the defendant, in order to introduce other crimes evidence, need not show that there has been more than one similar crime, that he has been misidentified as the assailant in a similar crime, or that the other crime was sufficiently similar to be called a "signature" crime.  These criteria, although relevant to measuring the probative value of the defendant's proffer, should not be erected as absolute barriers to its admission.  Rather, a defendant must demonstrate that the "reverse 404(b)" evidence has a tendency to negate his guilt, and that it passes the Rule 403 balancing test.

Id.  The Third Circuit determined that the defendant's proffer was relevant under rule 401 because it made his guilt less probable.  See id. at 1405-1406.  It then determined that the proffer did not present a risk of mini-trials or obstruction to the orderly progress of trial.  See id.  The Third Circuit emphasized that its "resolution of this issue [wa]s informed by [its] general belief that a criminal defendant should be able to advance any evidence that, first, rationally tends to disprove his guilt, and second, passes the Rule 403 balancing test." Id. at 1406.

## LAW REGARDING CONSTITUTIONAL
## RIGHT TO PRESENT A DEFENSE

Both the Fifth and Sixth Amendments to the United States Constitution protect a defendant's right to have a meaningful opportunity to present a defense.  See Crane v. Kentucky, 476 U.S. 683, 690 (1986).  The Tenth Circuit has explained

> The Fifth (or Fourteenth if a state is involved) and Sixth Amendments concomitantly provide a criminal defendant the right to present a defense by compelling the attendance, and presenting the testimony, of his own witnesses.  The Supreme

> Court's broad reading of the Sixth Amendment's Compulsory Process Clause, establish[es], at a minimum, that criminal defendants have the right to the government's assistance in compelling the attendance of favorable witnesses at trial and the right to put before a jury evidence that might influence the determination of guilt.

United States v. Serrano, 406 F.3d 1208, 1215 (10th Cir. 2005)(internal citations and quotations omitted).  The Tenth Circuit clarified that "[a] defendant's right to present a defense, however, is not absolute."  Id.  The Tenth Circuit explained that a defendant's right to present a defense does not displace traditional testimonial privileges.  See id.  "A defendant has a right based on the Fifth and Sixth Amendments to testify and to call witnesses in his favor. These rights are not without limitation, however."  United States v. Talamante, 981 F.2d 1153, 1157 (10th Cir. 1992).  See United States v. Wilson, 307 F.3d 596, 601 (7th Cir. 2002)(holding that the defendant's Sixth Amendment right to present a defense was not violated by the trial court's exclusion of reverse 404(b) evidence because "the evidence that [the defendant] wished to offer would not have played a major role in disproving his guilt.").

## ANALYSIS

The evidence about the witness' prior involvement with marijuana trafficking is relevant to the issue of Moreau's intent.  Because Moreau is contending that he had possession of the marijuana in the truck because of some accident or mintake, not intentionally, he needs to establish that someone else put the marijuana there for his defense to be credible.  The evidence has a "tendency to make" the witness' involvement as a co-conspirator in this case "more probable than it would be without the evidence."  Fed. R. Evid. 401.  Moreau's purpose in introducing the witness' prior conduct -- to show the witness had the intent, opportunity, ability, and know-how to place the marijuana in the truck -- is a permissible purpose under rule 404(b) and the Federal Rules of Evidence do not otherwise bar the evidence.   Because the Court concludes that Moreau has stated

-18-

a permissible purpose under rule 404(b) of the Federal Rules of Evidence for the evidence, that the evidence is relevant, and that the evidence is more probative than prejudicial, the Court will deny the United States' motion.

**I.    A RULE 404(b) ANALYSIS IS REQUIRED TO DETERMINE THE ADMISSIBILITY OF THE PROFFERED EVIDENCE.**

The United States argues that rule 404(b) governs the admissibility of the proffered evidence and that the evidence must meet the enumerated purposes set forth in the rule.  See Motion ¶¶ 4-5, at 2-3.  In support of this proposition, the United States relies upon United States v. Puckett .  See id. ¶ 5, at 2-3.  Moreau argues that a rule 404(b) analysis is not required to determine the admissibility of the proffered evidence.  See Response at 6-11.  Moreau contends the short-hand of "reverse 404(b)" evidence is misleading, because, when offered by the defendant, rule 404(b) and its standards are inapplicable.  Response at 6.  Moreau contends that the approach in United States v. Stevens is consistent with rule 404(b)'s purpose.  See Response at 11.

The Tenth Circuit has indicated that rule 404(b) is applicable to evidence a defendant wishes to introduce that relates to wrongdoing by another to establish his innocence.  See United States v. Puckett, 692 F.2d at 671. The Tenth Circuit explained in  United States v. Puckett that its review of the "Advisory Committee Notes on the Proposed Rules [of Evidence] indicate[d] that the members of the committee were concerned not only with the prejudicial impact to a defendant in admission of extrinsic acts as evidence, but also with its limited probative value." Id.  at 671.  Additionally, the Tenth Circuit indicated in United States v. Montelongo that rule 404(b) "is not so limited in its application, however, and evidence of a witness' other wrongs, acts, or crimes is admissible for defensive purposes if it tends, alone, or with other evidence, to negate the defendant's guilt of the crime charged against him."  420 F.3d at 1174.   Furthermore, the plain language of rule 404(b)

-19-

indicates that it applies to "persons," and applies to civil and criminal cases.

The Court is reluctant to distinguish the plain language of the rule and the decisions by the Tenth Circuit in other cases because of policy reasons. While there may be good reasons not to apply rule 404(b) to witnesses other than the defendant, the rules have not gone that far. Thus, the Court concludes that rule 404(b) governs the admissibility of prior wrongdoing by others, even if proffered by the defendant.

## II.   MOREAU IS NOT INTRODUCING THE WITNESS' CRIMINAL HISTORY SOLELY FOR THE PURPOSE OF PROVING ACTION IN CONFORMITY THEREWITH.

The Court is not prepared to say that it should adopt a "relaxed standard[ ] for 'reverse 404(b) evidence,'" Response at 12, without more explicit direction from the Tenth Circuit. While the Court does, under United States v. Montelongo, feel comfortable using a relaxed standard of similarity, the Court believes that the usual standards for rule 404(b) are necessary. Thus, the standards governing 404(b) evidence are applicable to Moreau's proffer of the witness' criminal history. A party introducing 404(b) evidence must show that: (i) the evidence is introduced for a proper purpose; (ii) the evidence is relevant; (iii) the evidence has probative value that is not substantially outweighed by the potential for unfair prejudice; and (iv) the party introducing the evidence must precisely articulate the purpose for which the evidence is offered. See United States v. Hardwell, 80 F.3d at 1488.

### A.   MOREAU SEEKS TO INTRODUCE THE EVIDENCE OF THE WITNESS' PRIOR CONDUCT FOR THE PROPER PURPOSE OF DEMONSTRATING THAT THE WITNESS HAD THE OPPORTUNITY, PLAN, PREPARATION, AND KNOWLEDGE TO OPERATE A SOPHISTICATED MARIJUANA OPERATION.

Moreau states that he seeks to admit evidence of the witness' prior involvement in drug distribution to establish that the witness intended to distribute the marijuana, planned the

distribution, aided in the distribution by using his warehouse to store it, and possessed knowledge that the marijuana was in the trailer.  See Response at 4.  Moreau offers the disputed evidence as proof that the witness was a co-conspirator with Pierre, and that Moreau was "an ignorant, and innocent, secondary driver of the tractor trailer." Id. at 4.  At the hearing, Moreau contended that the contested evidence was admissible to show opportunity, plan, preparation, and knowledge.  See Tr. at 42:9-25 (Winterbottom).  Moreau also contended that the contested evidence is relevant to demonstrate that the witness had the opportunity to distribute marijuana.  See id. at 42:16-24 (Court & Winterbottom).  Moreau  also argued that the contested evidence is relevant to demonstrate that the witness had the knowledge to operate a "sophisticated" marijuana operation.  Id. at 43:3-20 (Winterbottom).  Moreau further asserted that the contested evidence is relevant to demonstrate ability and intent.  See id. at 43:20-22 (Winterbottom).

The United States counters that Moreau wrongly intends to introduce, pursuant to rule 404(b), the witness' criminal history for the purpose of proving action in conformity therewith.  The United States contends that what Moreau is attempting to do is to "use [the] evidence to show a third person's character  for the inference that this person acted in conformity with his character and committed the crime with which defendant is charged."  United States v. McCourt, 925 F.2d at 1231-32 n. 2.

The Tenth Circuit has noted that its review of the "Advisory Committee Notes on the Proposed Rules [of Evidence] indicate[d] that the members of the committee were concerned not only with the prejudicial impact to a defendant in admission of extrinsic acts as evidence, but also with its limited probative value." United States v. Puckett, 692 F.2d  at 671. The Tenth Circuit has also noted, however, that prior conduct by a third party can be relevant when "it tends to make it less probable that the defendants knowingly possessed the marijuana or that they knowingly and

voluntarily involved themselves in a drug conspiracy." United States v. Montelango 420 F.3d at 1173. While Moreau may not introduce the evidence for the improper purpose of demonstrating that the witness acted in conformity with his prior acts, Moreau may offer the evidence to demonstrate one of the proper purposes recognized under rule 404(b), "such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b). Moreau has indicated he intends to introduce the evidence to demonstrate that he was "an ignorant, and innocent" party. Response at 4. Moreau has indicated he will prove his ignorance by offering prior acts of the witness to show the witness' opportunity, knowledge, and plan to distribute marijuana. The Tenth Circuit has previously recognized that introduction of prior acts evidence to make it less probable a defendant knowingly, or knowingly and voluntarily, participated in a drug conspiracy is a proper purpose under rule 404(b). See United States v. Montelango 420 F.3d at 1173. The Court believes that Moreau has a proper purpose for seeking admission of the witness' criminal history and that he does not seek to introduce that history to prove the witness' conformity therewith.

**B.    THE WITNESS' PRIOR CONDUCT IS POTENTIALLY RELEVANT TO MOREAU'S LACK OF KNOWLEDGE.**

The United States contends that, when the Tenth Circuit's reasoning in United States v. Montelongo is applied to the facts in this case, the witness' criminal history is irrelevant, because the temporal proximity between the witness' criminal history and Moreau's charged conduct is more distant than the temporal proximity in United States v. Montelongo. See Motion ¶ 10, at 5. The United States argues that the facts in the current matter can be distinguished from United States v. Montelongo in several important ways. See Motion ¶¶ 8-19, at 4-5. The United States contends that factually this case is distinct from United States v. Montelongo because Moreau seeks to introduce

evidence about the witness' prior conduct involving marijuana found in a hotel room and in a vehicle, which are different from the charged conduct involving a tractor/trailer, while in United States v. Montelongo the charged conduct had common facts with the prior incident in that both trucks were owned by the same person, the marijuana was packed in duffle bags in both incidents, and the marijuana was hidden in the sleeping compartment of the cabin of both tractors.  See 420 F.3d at 1172.

The United States seeks to distinguish United States v. Montelongo by focusing on the few months separating the allegations against the defendants in United States v. Montelongo from the third-party's act which they sought to bring before the jury.  See Motion ¶ 10, at 5.  Admittedly, unlike the events in United States v. Montelongo, the events in this case are separated by a period of years.  See Notice.  But the witness' prior conduct is consistent with trafficking drugs.

The March 1993, possession occurred after the witness served a lengthy prison sentence for possession of marijuana.  See Notice ¶ 3, at 1; Response at 2.  That the witness was not released until 1991, and presumably served a period of supervised release, brings this incident into closer temporal proximity with the charges in this case.  There is no magic number to satisfy temporal proximity.  Rather, proximity is one of a number of factors the Court must weigh in determining the probative value of the proffered evidence.  See United States v. Montelongo, 420 F.3d at 1174 (noting that "the similarities between the two crimes and their temporal proximity [is what] makes th[e] evidence probative.").   While the Court does not agree with Moreau that, because the Court need not be concerned about prejudice to the defendant, see Response at 11, the fact that the proffered crime is separated from the crime in federal court by a period of years is irrelevant, the Court does not believe temporal proximity is the determinative factor that should govern admissibility.

The evidence of prior crimes and acts by the witness are sufficiently similar to the crime with which Moreau is charged.  The witness' 1985 conviction was for the possession with intent to distribute large quantities of marijuana.  See Motion ¶ 2, at 1; Notice ¶ 3, at 1; Response at 1-2.  It is important to note that the 1993 stop for possession of distribution quantities came after the witness' 1985 conviction, and after the witness became the manager of the witness' current business, Tempe Sales.  See Response at 2.  This case entails the distribution of large quantities of marijuana. See Complaint.  That, in the intervening period, the witness acquired the Tempe Sales warehouse and participated in the international import/export business makes the prospect of the witness' involvement as a complicit party in this federal offense before the Court more likely.  "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401.  Because the witness' criminal history makes the witness' involvement in the federal offense more likely, and may make Moreau's knowing involvement less likely, it is relevant.

### C.    THE EVIDENCE OF THE WITNESS' PRIOR CONDUCT HAS PROBATIVE VALUE THAT IS NOT SUBSTANTIALLY OUTWEIGHED BY THE POTENTIAL FOR UNFAIR PREJUDICE.

Rule 403 of the Federal Rules of Evidence does not preclude Moreau's proffer of the evidence of the witness' prior conduct.  The United States argues that, pursuant to rule 403, the Court should not permit Moreau to introduce the witness' criminal history, because the probative value of it is substantially outweighed by the danger of unfair prejudice and confusion of the issues. See Motion ¶ 11, at 5.  There should be no factual dispute whether the witness committed the acts for which the witness was convicted.  Thus, there is no risk of a "mini-trial" whether the witness engaged in the conduct that Moreau hopes to proffer.  See United States v. Stevens, 935 F.2d at

1405-1406 (noting that the defendant's proffer was relevant under rule 401 because it made his guilt less probable and determining that the proffer did not present a risk of mini-trials or obstruction to the orderly progress of trial).   The evidence of the prior incidents is strong.   Thus, the risk of confusion, waste of time, and/or distraction of the jurors should not become a significant factor at trial.   Given the precise documentation of the prior conduct in question and its similarities to the charged conduct, the Court will allow the challenged evidence because its probative value is not significantly outweighed by potential of unfair prejudice to the United States.   Moreover, the Tenth Circuit has noted that there was no danger of the jurors being distracted from the real issues in the case because of similarities between the charged crime and the previous incident the defendant seeks to introduce.   See United States v. Montelongo, 420 F.3d at 1175.   As in United States v. Montelango, the 404(b) evidence  may "highlight[ ] the central issue at trial -- namely, which man was responsible for the contraband."  Id.

### D.   MOREAU HAS PRECISELY ARTICULATED THE PURPOSE FOR WHICH HE SEEKS TO OFFER THE EVIDENCE OF THE WITNESS' PRIOR CONDUCT.

Moreau has specifically indicated the purposes for which he seeks to offer the witness' prior conduct.   Moreau states that he seeks to admit evidence of the witness' prior involvement in drug distribution to establish that the witness intended to distribute the marijuana, planned the distribution, aided in the distribution by using his warehouse to store it, and possessed knowledge that the marijuana was in the trailer.   See Response at 4.   Moreau offers the disputed evidence as proof that the witness was a co-conspirator with Pierre, and that Moreau was "an ignorant, and innocent, secondary driver of the tractor trailer."   Response at 4. Thus, Moreau has articulated specific purposes for seeking to introduce the witness' criminal history that are proper under rule 404(b).

**IV.     THE COURT NEED NOT DECIDE WHETHER THE CONSTITUTION REQUIRES THE COURT TO ALLOW MOREAU TO INTRODUCE THIS EVIDENCE.**

Moreau contends that there is a constitutional foundation for his right to present a defense.

Moreau contends that he

> must be allowed to present evidence of . . . [co-]conspirators in order to present his defense that a conspiracy was well enough organized and planned that it could achieve its ends without his knowing involvement.  A defendant's right to have a meaningful opportunity and to present a defense is protected by both the Fifth and Sixth Amendments to the United States Constitution.

Response at 5 (citing Crane v. Kentucky, 476 U.S. 683, 690 (1986)).   The Tenth Circuit has recognized that the defendant's right to call witnesses in his favor is within the ambit of his constitutional right to present a defense.  See United States v. Talamante, 981 F.2d at 1157 ("A defendant has a right based on the Fifth and Sixth Amendments to testify and to call witnesses in his favor.").  While the Court recognizes that this right is not without limitation, see United States v. Serrano, 406 F.3d at 1215, "[t]he Supreme Court's broad reading of the Sixth Amendment's Compulsory Process Clause, establish[es], at a minimum, that criminal defendants have the right . . . [to] put before a jury evidence that might influence the determination of guilt." Id.  The Court is concerned that it may be required to allow Moreau to present evidence of the conspirators mentioned in the Indictment so that he can present his defense that the conspiracy was well enough organized and planned that it could achieve its ends without his knowing involvement.  Because, however, the Court can fairly base its decision to allow the evidence under rule 404(b), the Court may avoid deciding the constitutional issue.

**IT IS ORDERED** that the  United States' Motion in Limine to Prohibit  Defendant from Offering Evidence Pursuant to Fed. R. Evid. 404(b) is denied.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Larry Gomez
  Acting United States Attorney for the
    District of New Mexico
Damon P. Martinez
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Richard Winterbottom
  Federal Public Defender
Albuquerque, New Mexico

      *Attorney for the Defendant*